**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Dr. Long-Dei Liu,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:16-bk-11588-TA |
| LONG-DEI LIU, | Chapter 11 |
| | **CHAPTER 11 CASE STATUS REPORT** |
| Debtor and Debtor-in-Possession. | **DATE:  June 1, 2016**<br>**TIME:   10:00 A.M.**<br>**CTRM: 5B** |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**

**JUDGE:**

Dr. Long-Dei Liu ("Dr. Liu"), the debtor and debtor-in-possession in the above

captioned case, files this *Chapter 11 Case Status Report*.

## I.      PROCEDURAL BACKGROUND OF THE CASE

Dr. Liu filed a voluntary petition under Chapter 11 of the Bankruptcy Code on April

13, 2016.  The deadline to file schedules was extended by motion to May 18, 2016.

II.    **DESCRIPTION OF THE DEBTOR'S BUSINESS**

Dr. Liu is a physician specializing in obstetrics and gynecology with over 30 years' experience.  Dr. Liu is 71 years old and, at this stage of his career, Dr. Liu is near retirement.  Dr. Liu operates his medical practice as a sole proprietorship.  Dr. Liu's medical practice is located at 12555 Garden Grove Blvd., No. 402, Garden Grove, CA 92843.  Dr. Liu is currently on staff at Fountain Valley Regional Hospital and Medical Center and South Coast Global Medical Center.

Dr. Liu has been married to Shu-Shen Liu for 42 years.  Mrs. Liu is not a debtor in this case.  The Lius have three adult children.

Dr. Liu's income is derived primarily from his medical practice.  For the medical services rendered, Dr. Liu receives payments from private insurance, Medi-Cal, Medicare, as well as some cash payments directly from patients whose visits are not covered by insurance.  The Lius also receive approximately $3,042 per month from Social Security.

III.    **SUMMARY OF THE DEBTOR'S PRIMARY ASSETS**

Dr. Liu owns a home in Orange, California.  The home was purchased in 1982 and the Lius have lived there ever since.  The house has not been upgraded or remodeled. According to a local real estate broker, the house is valued at $650,000.  There are no liens encumbering the house.  At 71, Dr. Liu is entitled to a homestead exemption of $175,000.  Dr. Liu owns no other real property.

Dr. Liu has his medical practice.  But for the going-concern value, the medical practice has little to no liquidation value.  However, as a going-concern, the medical practice has been profitable historically and is projected to be profitable post-petition. Dr. Liu submitted a 4-month budget as Exhibit "1" to his motion for authority to use cash collateral.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    The Debtor has various bank accounts with an aggregate balance of

2    approximately $22,000.  In addition, pre-petition, the Debtor deposited $93,750 with the

3    Orange County Superior Court as an appellate bond.  Recently, the Orange County

4    Superior Court refunded the funds deposited to Dr. Liu's appellate counsel, David Kay,

5    who deposited the funds in his client trust account.

6    The Debtor has an annuity with a cash surrender value of approximately $170,000

7    and four life insurance policies with a present aggregate cash surrender value of

8    approximately $328,470.  These policies are tax-deferred and have early-withdrawal

9    penalties.

10    The Debtor has an IRA and a Keogh plan, both of which are exempt.

11    The Debtor's assets have an estimated aggregate value of approximately

12    $2.35 million.  The Debtor has exemption claims totaling approximately $1.2 million.

13

14  IV.    **PRECIPITATING FACTOR**

15    The need for this bankruptcy filing is unfortunate, but it is critical to prevent

16    irreparable harm to Dr. Liu and to preserve Dr. Liu's medical practice and his ability to

17    treat his patients.  Chinese citizens and residents Yuanda Hong and Ling Nie wanted

18    their child to be born in California in order to establish U.S. citizenship and California

19    residence.  Ling Nie travelled to California, arranging to have her baby at the Hospital.

20    Dr. Liu was chosen by Ms. Nie to be her obstetrician and her baby was born by cesarean

21    section without injury to the baby.  Ms. Nie was stabilized by Dr. Liu and then transferred

22    to the intensive care unit of the Hospital.  However, Ms. Nie suffered complications after

23    being transferred to the intensive care unit following the birth, and she died four days

24    later.  The Judgment Creditor sued the Hospital and various doctors, including Dr. Liu.

25    A.    **The Judgment**

26    After trial, the jury awarded Judgment Creditor damages in the amount of

27    $9,734,464.  As reflected in the judgment, a copy of which is attached hereto as

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Exhibit "1," the damage award is comprised of various economic and non-economic

components.  The jury also found that the Hospital was 75% responsible for the total

damages awarded to Ms. Nie and that Dr. Liu was 25% responsible.  The original

judgment was entered on November 2, 2015.

### B.    The Amended Judgment

This case is a result of the Judgment Creditor's efforts to collect more than

Dr. Liu's share of the judgment.  The Hospital settled with the Judgment Creditor for

$3,250,000.  This is far less than the Hospital's proportionate fault, as determined by the

jury (*i.e.,* 75% of $9,734,464, or $7,300,848).  After post-trial motions, the judgment was

amended to reduce (1) the non-economic damages owed by Dr. Liu from $600,000 to

$62,500, and (2) the amount of the economic damages as to Dr. Liu by $3,250,000.[1]

The amended judgment continues to state that Dr. Liu is responsible for only 25% of the

total damages caused (economic and non-economic).  The amended judgment did not

increase Dr. Liu's liability or impose any joint liability for the damages awarded against

the Hospital.  The amended judgment was entered on January 8, 2016.  A true and

correct copy of the amended judgment (the "Amended Judgment") is attached hereto as

Exhibit "2."

Importantly, pursuant to the Amended Judgment, Dr. Liu is not liable for any

additional economic damages.  As discussed above, Dr. Liu is liable for only 25% of the

damages awarded, which amounts to $2,188,329.75 of the total economic damages.

The amount paid by the Hospital is in excess of Dr. Liu's responsibility.  Therefore, the

reduction of the economic damages as to Dr. Liu by the amount of the Hospital's

settlement payment, as expressly set forth in the Amended Judgment, leaves only

$62,500 in non-economic damages owing to the Judgment Creditor.  This explains why

the Amended Judgment clearly states the amount of non-economic damages remaining

---

[1]    The reduction of the non-economic damages was to reduce the $600,000 award to the maximum
amount allowed under California law ($250,000).  The sum of $62,500 reflects Dr. Liu's 25% share of
$250,000 awarded under the amended judgment.

1    against Dr. Liu, *i.e.,* $62,500, but does not indicate that any remaining balance of

2    economic damages are owed by Dr. Liu.

3            **C.**    **Dr. Liu's Appeal of the Judgment and Attempt to Stay Enforcement**

4            The Judgment Creditor has been paid $4,261,232.77 to date.  The Judgment

5    Creditor received the $3,250,000 payment from the Hospital and an additional

6    $1,011,232.77 from Dr. Liu's insurance.  The Judgment Creditor is attempting to recover

7    the entire outstanding balance of the Amended Judgment, as opposed to only the

8    $62,500 in remaining non-economic damages, or even 25% of the total balance

9    remaining after application of the payments the Judgment creditor has received.

10            Dr. Liu appealed the Amended Judgment.  A motion for relief from the automatic

11    stay to allow the appeal to proceed has been filed and is scheduled for hearing on May

12    24, 2016.

13            Dr. Liu has never before been accused of malpractice.  He is a respected

14    physician with a flawless record.  While Dr. Liu's sympathies go out to Ms. Nie's family,

15    he vigorously disputes that he acted negligently in his care of Ms. Nie or that he in any

16    way caused her death.  Dr. Liu expects he will prevail in his appeal of the judgment.

17            This case was filed to preserve Dr. Liu's medical practice, protect the ongoing care

18    of his patients, allow Dr. Liu to reorganize his debts, and prevent financial ruin due to the

19    collection efforts of Ms. Nie's surviving family.  Moreover, the judgment creditors are

20    citizens and residents of China and any property seized by them may be impossible for

21    Dr. Liu to recover if and when he prevails in his pending appeal of the judgment, thereby

22    causing Dr. Liu irreparable harm.

23

24    **V.**    **DR. LIU'S CHAPTER 11 PLAN**

25            The reorganization in this case is fairly straightforward.  Dr. Liu intends to propose

26    a plan paying allowed claims overtime from his cash flow.  The treatment of the

27    Judgment Creditor's claim and the allowed amount of the claim will depend on the

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

outcome of the appeal.  Any payments to the Judgment Creditor under the plan while the

Judgement Creditor's claim is disputed will be deposited in a segregated account.

Dr. Liu propose that the deadline to file a plan and disclosure statement be set at a

later date, after his stay relief motion is granted and the appeal is back on track so that

timing of resolution of the appeal can be better determined.

## VI.    OTHER POSSIBLE DISPUTES IN THE CASE

The Judgment Creditor's ORAP lien is avoidable.  An ORAP lien is created upon

personal service of the order to appear for examination on the judgment debtor.  Cal.

Code Civ. Proc. § 708.110(d).  Here, the order to appear for examination was entered by

the Superior Court on January 21, 2016, and was served shortly thereafter on or about

January 23, 2016.  The 90-day period prior to the Petition Date extends to January 14,

2016.  Thus, the ORAP Lien was created squarely within the preference period.  The

ORAP lien also constitutes a "transfer" to the Judgment Creditor on account of an

antecedent debt, *i.e.*, the judgment, made while Dr. Liu was insolvent, and the ORAP lien

would enable the Judgment Creditor to receive more than he otherwise would.

The amount of the debt secured by the ORAP lien is in dispute.  The Amended

Judgment is on appeal, the outcome of which could eliminate the award against Dr. Liu in

its entirety.  Moreover, even under the Amended Judgment, a dispute exists whether the

amount owed to the Judgment Creditor by Dr. Liu is the amount the Judgment Creditor

asserts or only $62,500.

## VII.    OTHER ISSUES IN THE BANKRUPTCY CASE

### A.    Use of Cash Collateral

Dr. Liu sought authority for use of cash collateral by motion.  The motion was

opposed by the Judgment Creditor, and was heard and granted on May 17, 2016.  A

continued hearing on use of cash collateral is scheduled for July 27, 2016, at 10:00 a.m.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  Until the continued hearing, Dr. Liu is authorized to use cash collateral as requested in

2  the motion.

3       **B.**    **Employment of Professionals**

4       On April 25, 2016, Dr. Liu filed an application for authority to employ Smiley

5  Wang-Ekvall, LLP, as his bankruptcy counsel.  The Judgment Creditor filed an opposition

6  to Smiley Wang-Ekvall's employment application, which is scheduled to be heard on May

7  25, 2016.

8       On May 3, 2016, Dr. Liu filed an application for authority to employ David Kay as

9  his appellate counsel.  The deadline to oppose David Kay's employment application is

10 May 20, 2016.  If there is no opposition, Dr. Liu's bankruptcy counsel will submit an order

11 for the Court's approval and entry.

12      Dr. Liu may also be filing an application to employ attorney David Rosenberg and

13 his firm, Rosenberg, Shpall & Zeigen, to represent him in any investigations by and at

14 any proceedings before the medical board.

15      Dr. Liu may also seek the employment of an accountant to prepare tax returns and

16 estimate taxes that may be owed.

17      **C.**    **Patient Care Ombudsman**

18      Dr. Liu stipulated to the appointment of a patient care ombudsman.  On May 9,

19 2016, the Court entered an order approving the stipulation.  The U.S. Trustee's office has

20 filed an order approving the appointment of Constance Doyle, which has not yet been

21 entered.

22      In addition, in the ordinary course of his business, Dr. Liu's practice is continuing to

23 be inspected by the hospitals with whom he is affiliated and he has passed all such

24 inspections.

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**D.    Claims Bar Date**

Dr. Liu proposes that the Court establish August 19, 2016, as the deadline to file claims pursuant to Federal Rule of Bankruptcy Procedure 3003(3).  The Debtor shall provide at least 60-days' notice of the deadline.

**E.    Settlement Discussions**

One day after the filing of the petition, Dr. Liu received a settlement offer from the Judgment Creditor.  Shortly thereafter, Dr. Liu agreed to payment of the amount offered but he was unable to agree to the timing of the payments due to the constraints of the Bankruptcy Code.  For several more weeks, the parties attempted to finalize a settlement, but by the beginning of May, it appeared that the parties were at an impasse. The parties were extremely close in achieving a settlement so a formal mediation or settlement conference with another bankruptcy judge should perhaps be entertained.

**F.    Compliance**

Dr. Liu is in compliance with the requirements imposed on a debtor and debtor-in-possession.

Respectfully submitted,

DATED:  May 18, 2016                    SMILEY WANG-EKVALL, LLP


By: _____/s/ *Lei Lei Wang Ekvall*_____
LEI LEI WANG EKVALL
Attorneys for Dr. Long-Dei Liu,
Debtor and Debtor-in-Possession

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

# ORIGINAL

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

NOV 02 2015

ALAN CARLSON, Clerk of the Court

L. Reid
BY L. REID

1
2
3
4
5
6
7
8
9  YUANDA HONG, Individually and as          ) CASE NO.: 30-2014-00728553
10 Successor-in-Interest to the Estate of LING )
   NIE, WILLIAM HONG, a minor, and          ) JUDGE JAMES J. DI CESARE
11 HARRY HONG, a minor, by and through their) DEPARTMENT C16
   Guardian Ad Litem, YUANDA HONG,          )
12                                            )
        Plaintiffs,                           )
13                                            )
          vs.                                 ) SPECIAL VERDICT FORM
14                                           ))
   GARDEN GROVE HOSPITAL AND                  )
15 MEDICAL CENTER, LONG-DEI LIU, M.D.,        )
   KAMBIZ AFRASIABI, M.D., DOUGLAS            )
16 CHANG, M.D., and DOES 1 to 100,            )
                                              )
17        Defendants.                         )

18

19      We, the jury, in the above-captioned action do hereby answer the questions submitted to us as

20 follows:

21

22

23      **Question No. 1**: Was LONG-DEI LIU, M.D. negligent in the diagnosis and/or treatment of Ling

24 Nie?

25      **Answer**:      ✓ Yes        ____ No

26

27

28      Please proceed to answer Question No. 2.

                                            1
                              **SPECIAL VERDICT FORM**

**Question No. 2:** Was ASAAD HAKIM, M.D. negligent in the diagnosis and/or treatment of Ling Nie?

**Answer:**  _____ Yes    ✓ No

If your answer to either Question No. 1 or Question No. 2 is "Yes", proceed to answer Question No. 3. If your answers to Question Nos. 1 and 2 are both "No", stop here, answer no further questions, and have the presiding juror sign and date this form.

**Question No. 3:** Was the negligence of either defendant a substantial factor in causing the death of Ling Nie?

**Answer:**

LONG DEI-LIU, M.D.                    ✓ Yes        _____ No

ASAAD HAKIM, M.D.                    _____ Yes        ✓ No

If your answer to Question No. 3 is "Yes" as to either defendant, proceed to answer Question Nos. 4 through 8. If your answer to Question No. 3 is "No" as to all defendants, stop here, answer no further questions, and have the presiding juror sign and date this form.

**Question No. 4:** What are plaintiffs' economic damages?

a.  Past financial support that Ling Nie would have contributed

to the family:                                                    $ 290,107

b.  Future financial support that Ling Nie would have contributed

to the family (future value):                                     $ 15,111,350

2

**SPECIAL VERDICT FORM**

| | | |
|---|---|---|
| c. | Ling Nie's funeral and burial expenses | $ 47,768 |
| d. | Past household services that Ling Nie would have provided: | $ 43,270 |
| e. | Future household services that Ling Nie would have provided (future value): | 734,318 $ ~~230,000~~ |

**Question No. 5:** What is the present value of your award for future loss of financial support?

**Answer:** 8,360,316

**Question No. 6:** What is the present value of your award of future loss of household services?

**Answer:** ~~270,550~~ 393,003

**Question No. 7:** What are plaintiffs' non-economic damages?

a. The loss of Ling Nie's love, companionship, comfort, care, assistance, protection, affection, training and guidance from March 14, 2014 to the present:

$ 300,000

c. The loss of Ling Nie's love, companionship, comfort, care, assistance, protection, affection, training and guidance from today forward:

$ 300,000

3
**SPECIAL VERDICT FORM**

**Question No. 8:** Assuming that 100% represents the total negligence that was the cause of plaintiffs' damages, what percentage of this 100% is due to the negligence of the defendants or others?

**Answer:**

Defendant, LONG-DEI LIU, M.D.                                        25 % 

Defendant, ASAAD HAKIM, M.D.                                        0 %

GARDEN GROVE HOSPITAL & MEDICAL CENTER            75 %

TOTAL                                                                        100 %

DATED: 10-28-15
11-2-15
11-2-15

M. Johnson
**FOREPERSON OF THE JURY**

M. Johnson

M. Johnson

4
**SPECIAL VERDICT FORM**

# EXHIBIT "2"

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
12/17/2015 at 12:34:29 PM
Clerk of the Superior Court
By Enrique Velez,Deputy Clerk

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

JAN 08 2016

ALAN CARLSON, Clerk of the Court

*L. Reid*
BY L REID

| | |
|---|---|
| YUANDA HONG, Individually and as Successor-in-Interest to the Estate of LING NIE, WILLIAM HONG, a minor, and HARRY HONG, a minor, by and through their Guardian Ad Litem, YUANDA HONG, <br><br> Plaintiffs, <br><br> vs. <br><br> GARDEN GROVE HOSPITAL AND MEDICAL CENTER, LONG-DEI LIU, M.D., KAMBIZ AFRASIABI, M.D., DOUGLAS CHANG, M.D., and DOES 1 to 100, <br><br> Defendants. | CASE NO.:  30-2014-00728553 <br><br> JUDGE JAMES J. DI CESARE <br> DEPARTMENT C16 <br><br><br> [PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT FORM |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the above-captioned action came on regularly for trial, commencing on August 31, 2015 in Department C16 of the Orange County Superior Court and continuing through November 2, 2015, before Judge James J. Di Cesare.

1

[PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT

0002

1    Plaintiffs, YUANDA HONG, WILLIAM HONG and HARRY HONG, were

2  represented at trial by their attorney of record, Neil M. Howard, Esq.

3  of the Law Office of Neil M. Howard.

4

5    Defendant, LONG-DEI LIU, M.D., was represented at trial by his

6  attorney of record, Robert Donohue, Esq. of Artiano & Associates, APC.

7  Defendant, ASAAD HAKIM, M.D., was represented at trial by his

8  attorneys of record, Terrence J. Schafer and Jamie A. Mason of Doyle

9  Schafer McMahon, LLP.

10

11    A jury was selected and sworn in.  Witnesses testified under

12  penalty of perjury and evidence was admitted.  Counsel for all parties

13  were afforded a full and fair opportunity for argument to the jury.

14    The jury was duly instructed by the Court and, after conclusion

15  of closing argument by all counsel, the cause was submitted to the

16  jury with directions to return a verdict on special issues.  The jury

17  deliberated and thereafter returned into court on November 2, 2015

18  with its verdict, which consisted of the special issues submitted to

19
   the jury and the answers given thereto by the jury as follows:
20

21

22    "We, the jury, in the above-captioned action do hereby answer the

23  questions submitted to us as follows:

24

25

26    **Question No. 1**:  Was LONG-DEI LIU, M.D. negligent in the

27  diagnosis and/or treatment of Ling Nie?

28    **Answer**:    11    Yes      1    No

---

2

**[PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT**

Please proceed to answer Question No. 2.

**Question No. 2**:  Was ASAAD HAKIM, M.D. negligent in the diagnosis and/or treatment of Ling Nie?

**Answer**:    ___0___ Yes    ___12___ No

If your answer to either Question No. 1 or Question No. 2 is "Yes", proceed to answer Question No. 3.  If your answers to Question Nos. 1 and 2 are both "No", stop here, answer no further questions, and have the presiding juror sign and date this form.

**Question No. 3**:  Was the negligence of either defendant a substantial factor in causing the death of Ling Nie?

**Answer**:

LONG DEI-LIU, M.D.                    ___9___ Yes    ___3___ No

ASAAD HAKIM, M.D.                    ___0___ Yes    ___12___ No

If your answer to Question No. 3 is "Yes" as to either defendant, proceed to answer Question Nos. 4 through 8.  If your answer to Question No. 3 is "No" as to all defendants, stop here, answer no further questions, and have the presiding juror sign and date this form.

3

[PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT

**Question No. 4**:  What are plaintiffs' economic damages?

a.   Past financial support that Ling Nie would have contributed

to the family:                                    $290,107

b.   Future financial support that Ling Nie would have

contributed to the family (future value):   $15,111,350

c.   Ling Nie's funeral and burial expenses        $47,768

d.   Past household services that Ling Nie would

have provided:                                    $43,270

e.   Future household services that Ling Nie would have provided

(future value):                                   $734,318

**Question No. 5**:  What is the present value of your award for

future loss of financial support?

**Answer**:   $8,360,316

**Question No. 6**:  What is the present value of your award of

future loss of household services?

**Answer**:   $393,003

4

[PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT

**Question No. 7:**  What are plaintiffs' non-economic damages?

a.   The loss of Ling Nie's love, companionship,

comfort, care, assistance, protection,

affection, training and guidance from

March 14, 2014 to the present:                    $300,000

c.   The loss of Ling Nie's love, companionship,

comfort, care, assistance, protection,

affection, training and guidance from

today forward:                                     $300,000


**Question No. 8:**  Assuming that 100% represents the total

negligence that was the cause of plaintiffs' damages, what percentage

of this 100% is due to the negligence of the defendants or others?

**Answer:**

Defendant, LONG-DEI LIU, M.D.                       25      %

Defendant, ASAAD HAKIM, M.D.                        0       %

GARDEN GROVE HOSPITAL & MEDICAL CENTER              75      %

                                     TOTAL          100     %


DATED:      11/2/15


                              /s/
                         FOREPERSON OF THE JURY"


                                5
[PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT

By virtue of the foregoing, this Court does hereby enter Judgment in favor of defendant, ASAAD HAKIM, M.D., and against plaintiffs, YUANDA HONG, WILLIAM HONG and HARRY HONG.  This defendant will be entitled to recover costs from the plaintiffs pursuant to a subsequent Court Order following the timely filing of any cost bill and any Motion to Tax Costs.

By virtue of the foregoing, this Court does hereby enter Judgment in favor of plaintiffs, YUANDA HONG, WILLIAM HONG and HARRY HONG, and against defendant, LONG DEI-LIU, M.D., subject to any post-trial motions and/or hearings, including any Motion to Modify the Judgment to conform to California Civil Code, Section 3333.2, any Motion for Periodic Payments of Future Damages pursuant to California Code of Civil Procedure, Section 667.7, and any Motion for Offset due to Prior Settlements.  The plaintiffs will be entitled to recover costs from the defendant, LONG DEI-LIU, M.D., pursuant to a subsequent Court Order following the timely filing of any cost bill and any Motion to Tax Costs.

Pursuant to the Provisions California Civil Code, Section 3333.2 (a) and (b), the amount of non-economic damages as to defendant, LONG DEI-LIU, M.D., are hereby reduced from $600,000.00 to $62,500.00. The amount of economic damages as to defendant, LONG DEI-LIU, M.D., are hereby reduced by $3,250,000.00, which represents the amount of money received by plaintiffs from their settlement with defendant, PRIME HEALTHCARE SERVICES-GARDEN GROVE LLC dba GARDEN GROVE HOSPITAL

[PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT

EXHIBIT 2, PAGE 18

1   MEDICAL CENTER.

2       IT IS SO ORDERED.

3

4   DATED:      JAN 0 8 2016

5

6

7                                 _____
                                  JUDGE JAMES J. DICESARE
8                                 DEPARTMENT C16

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  7
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
        [PROPOSED]  AMENDED JUDGMENT ON SPECIAL VERDICT

EXHIBIT 2, PAGE 19

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3828 Carson Street, Suite 102, Torrance, California 90503.

    On December 17, 2015, I served the foregoing document described as **[PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT FORM** on interested parties in this action.

[X ]  By placing [   ] the original  [X ] a true copy thereof enclosed in a sealed envelope(s), addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]  **By MAIL:** I deposited such envelope in the mail at Torrance, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **By OVERNIGHT MAIL:** [ ] NORCO OVERNITE [ ] FEDEX: I deposited such envelope on that day in a receptacle maintained by said delivery service in Torrance, California for the purpose of deposit and delivery of such envelope for overnight delivery.

[ ]  **By FAX:** I sent such document by use of facsimile machine. Facsimile cover sheet and confirmation is attached hereto indicating the recipients' facsimile number and time of transmission pursuant to California Rules of Court Rule 2008(e). The facsimile machine I used complied with California Rules of Court Rule 2003(3) and no error was reported by the machine.

[ ]  **By PERSONAL SERVICE:** I had **A & M ATTORNEY SERVICE**, hand deliver such envelope by hand to the office of the addressee.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 17, 2015, at Torrance, California.

Tracy Lee

8

[~~PROPOSED~~] AMENDED JUDGMENT ON SPECIAL VERDICT

SERVICE LIST

| | |
|---|---|
| Neil M. Howard, Esq.<br>Law Office of Neil M. Howard<br>2800 28th Street, Suite 151<br>Santa Monica, CA 90405<br>Tel: (310) 452-6800; Fax: (310) 452-6810<br>Attorneys for Plaintiffs, YUANDA HONG, individually and as Successor-in-Interest to the Estate of Ling Nie, WILLIAM HONG, a minor, and HARRY HONG, a minor by and through their Guardian Ad Litem, Yuanda Hong | Thomas M. Peabody, Esq.<br>Daniel A. Cooper, Esq.<br>Carroll, Kelly, Trotter, Franzen, McKenna & Peabody<br>111 W. Ocean Blvd, 14th Floor<br>P.O. Box 22636<br>Long Beach, CA 90801<br>Tel: (562) 432-5855; Fax: (562) 432-8785<br>Attorneys for Defendant, PRIME HEALTHCARE SERVICES – GARDEN GROVE, LLC dba GARDEN GROVE HOSPITAL MEDICAL CENTER |
| Terrence J. Schafer, Esq.<br>Jamie A. Mason, Esq.<br>Doyle Schafer McMahon, LLP<br>100 Spectrum Center Drive, Suite 520<br>Irvine, CA 92618<br>Tel: (949) 727-7077; Fax: (949) 727-1284<br>Attorneys for Defendant, ASAAD HAKIM, M.D. (DOE 1) | |

9

[PROPOSED] AMENDED JUDGMENT ON SPECIAL VERDICT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 CASE STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 18, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Frank Cadigan    frank.cadigan@usdoj.gov
- Philip D Dapeer    PhilipDapeer@AOL.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Robert S Marticello    Rmarticello@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **May 18, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Hon. Theodor C. Albert
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 18, 2016 | Carol Sheets | /s/ *Carol Sheets* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SERVED BY UNITED STATES MAIL**:

American Express Bank, FSB
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

American Express Costco
P.O. Box 650448
Dallas, TX 75265-0448

Bank of America Visa Rewards
P.O. Box 15019
Wilmington, DE 19850-5019

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

Chase Business Signature Visa
P.O. Box 15145
Wilmington, DE 19850-5145

Chase Business Signature Visa
P.O. Box 9537
Manchester, NH 03108-9537

Chase Signature Freedom Card
P.O. Box 94014
Palatine, IL 60094-4014

Constance R. Doyle
21509 Anza Avenue
Torrance, CA 90503-6423

Employment Development Dept
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section, MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Home Depot USA, Inc.
1095 N. Pullman Street
Anaheim, CA 92807-2516

Honda Motors
P.O. Box 60001
City of Industry, CA 91716-0001

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Long-Dei Liu
2628 E Denise Ave
Orange, CA 92867-1816

Moore Medical Supplies
P.O. Box 4066
Farmington, CT 06034-4066

Philip D. Dapeer
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361-5749

Preferred Citibank Visa
P.O. Box 6278
Sioux Falls, SD 57117-6278

Prime Healthcare Services -
Garden Grove LLC
3300 E. Guasti Road, 3rd Floor
Ontario, CA 91761-8657

Santa Ana Division
411 West Fourth Street, Suite 2030
Santa Ana, CA 92701-4500

U.S. Securities
and Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Yuanda Hong
c/o Neil M. Howard
Law Office of Neil M. Howard
2800 28th Street, Suite 151
Santa Monica, CA 90405-6203

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**